```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION
```

```
JACK ADAMS,                         )
                                    )
Petitioner,                         )
                                    )
vs.                                 )   NO. 2:07-CV-66
                                    )       (2:05-CR-194)
UNITED STATES OF AMERICA,           )
                                    )
Respondent.                         )
```

## OPINION AND ORDER

This matter is before the Court on the "Motion to Dismiss Case Due to Lack of Jurisdiction by District Court," filed by Petitioner, Jack Adams, on July 17, 2006, which this Court has construed as a motion pursuant to 28 U.S.C. section 2255. For the reasons set forth below, the motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 08477-027), FCI-Greenville, P.O. Box 5000, Greenville, Illinois, 62246, or to such other more current address that may be on file for the Petitioner.

1

BACKGROUND

Adams was arrested on a criminal complaint charging him with being a felon in possession of firearms and possession of stolen firearms, in violation of 18 U.S.C. Sections 922(g)(1) and (j). Magistrate Judge Paul Cherry held a probable cause hearing on September 6, 2005, at the conclusion of which Magistrate Judge Cherry found probable cause to believe Adams had committed these charges, and he ordered that Adams be detained pending trial.

On September 21, 2005, the Government charged Adams in Counts 1 and 6 of a superseding indictment in Cause Number 2:05-cr-123 with: (1) knowingly possessing stolen firearms, which had been transported in interstate commerce before being stolen, knowing and having reasonable cause to believe the firearms were stolen, in violation of 18 U.S.C. Section 922(j) (Count 1); and (2) knowingly possessing firearms which had previously traveled in interstate commerce, after having been convicted of a felony offense, in violation of 18 U.S.C. Section 922(g)(1) (Count 6).

On November 17, 2005, the Government charged Adams in a single count criminal information (Cause No. 2:05-cr-194), with knowingly possessing a stolen firearm, which had been transported in interstate commerce before being stolen, knowing and having reasonable cause to believe the firearm was stolen, in violation of 18 U.S.C. Section 922(j).  That same day, November 17, 2005, Adams appeared before Magistrate Judge Andrew Rodovich and knowingly and

2

voluntarily waived being charged by indictment. Later again that same day, Adams pled guilty pursuant to a written plea agreement in a Rule 11 guilty plea hearing before this Court. Adams' signed plea agreement contained a waiver stating that:

> with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution orders imposed or the manner in which my conviction or my sentence or the restitution orders imposed were determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement, ¶ 7(e).) In addition to testifying under oath at the hearing, Adams' plea agreement established that he offered his plea of guilty "freely and voluntarily." (Plea Agreement, ¶ 11.)

On February 23, 2006, this Court sentenced Adams to 63 months imprisonment and a 2-year term of supervised release. At this time, the Court also granted the Government's motion to dismiss the superseding indictment against Adams in Cause Number 2:05-cr-123.

Adams filed the instant motion entitled "Motion to Dismiss Case Due to Lack of Jurisdiction by District Court" on July 17, 2006. Adams' main argument is that this Court lacked subject matter jurisdiction, and therefore lacked the power to enter judgment against him. He also argues that the indictment was defective, he was denied effective assistance of counsel, and he was denied a preliminary hearing.

3

In an order dated July 26, 2006, this Court noted that because Adams made several substantive arguments in his motion, the arguments presented in his motion would be treated as a motion made pursuant to 28 U.S.C. section 2255 unless Adams advised the Court on or before August 26, 2006, that he wished to withdraw the claims set forth in his motion.  The Court also advised Adams that if he wished to add any other arguments, they should be set forth in a memorandum, accompanied with citations to legal authority where appropriate, on or before August 26, 2006.  Adams did not advise the Court that he wished to withdraw the claims set forth in his motion, nor did he submit additional legal argument.  Therefore, on September 6, 2006, this Court issued an order that Adams' motion was to be treated as a section 2255 motion.  The Government filed a response in opposition to the motion on September 13, 2006.  Having been fully briefed, this motion is ripe for adjudication.

DISCUSSION

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations."  *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).  In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject

4

to collateral attack.  *Id.*

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).  In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'"  *Id.*  Here, the

Court assessed Adams' claims with these guidelines in mind.

<u>"Territorial Jurisdiction"</u>

First, Adams contends that this Court lacks subject matter jurisdiction. This argument is properly before the Court at this time as claims regarding subject matter jurisdiction can never be waived. *See, e.g., Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004)("Defects in subject-matter jurisdiction, however, may not be waived or forfeited."). Nevertheless, Adams' argument fails.

Specifically, Adams alleges that "[t]he indictment is defective because the U.S. Attorney has failed to show how the United States has geographical territorial jurisdiction over the exact geographical location where the alleged offense [] occurred and by failure to prove territorial jurisdiction as defined in Title 18 USC §§ 5 and 7(3)." (Mot., p. 1.) Title 18 U.S.C. section 5, which defines territorial jurisdiction of the United States, provides as follows: "[t]he term 'United States,' as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the Canal Zone." Adams tries to argue that this provision only applies to federal lands, where jurisdiction has been ceded by the states. (Mot., pp. 5-7.) This same argument was raised and rejected in *McClurkin v. United States*, 922 F.2d 843, *1991 WL 1921, at \*1 (7th Cir. Jan. 7, 1991). In McClurkin*, the

petitioner pointed to 18 U.S.C. section 5 and claimed that his conviction was invalid because federal territorial jurisdiction was lacking. The Seventh Circuit ruled that "[h]is argument is fundamentally flawed because 18 U.S.C. § 5 does not require that the jurisdiction of the United States be exclusive before territorial jurisdiction will attach." *Id.* at *1.  The Court went on to find that the mail fraud statute at issue in that case was a valid congressional enactment, which conferred at least subject matter jurisdiction to the United States. *Id.* It further reasoned that because the United States has jurisdiction to enact the mail fraud statutes, territorial jurisdiction attached through 18 U.S.C. section 5 which specifies that territorial jurisdiction includes all places subject to United States jurisdiction. *Id.*

*McClurkin's* reasoning is applicable to this case. First, the Government is correct that it is clear that Title 18 U.S.C. section 922(j), which makes it a crime to possess a stolen firearm that had previously traveled in interstate commerce while knowing or having reasonable cause to believe that the firearm is stolen, is a valid congressional enactment and not a violation of Congress' power under the Commerce Clause. *See, e.g., United States v. Laroche*, 170 Fed.Appx. 124, 125-26 (11th Cir. 2006) (holding 18 U.S.C. section 922(j) is a proper exercise of Congress' power under the Commerce Clause, meets the minimal nexus with interstate commerce requirement, and is a "valid statute"); *United States v. Pritchett*,

7

327 F.3d 1183, 1185-86 (11th Cir. 2003) (holding Section 922(j) is a proper and valid exercise of Congress' power and meets the test for sufficient nexus to interstate commerce because it requires the firearm to have been manufactured in another state or to have traveled in interstate commerce at some point in time); *United States v. Sykes*, 12 Fed. Appx. 446, 448 (8th Cir. 2001)("§ 922(j) is a proper exercise of Congress's power under the Commerce Clause."); *cf. United States v. Lemons*, 302 F.3d 769, 772–73 (7th Cir. 2002) (holding 18 U.S.C. section 922(g)(1) is a valid congressional enactment because it satisfies the Commerce Clause requirement of interstate nexus as the firearm must travel in interstate commerce prior to coming into possession of the defendant).

Subject matter jurisdiction is conferred to the United States, and to this Court, because as the aforementioned cases show, 18 U.S.C. section 922(j) is a valid congressional enactment, as a criminal offense against the United States.  Moreover, 18 U.S.C. section 5 specifies that territorial jurisdiction includes all places subject to United States jurisdiction.  *See, e.g., McClurkin,* 1991 WL 1921, at *1.  Indeed, 18 U.S.C. section 3231 defines the jurisdiction of the United States district courts (including this Court), as follows: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the

8

United States.  Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."  18 U.S.C. § 3231; *See also United States v. Chappell*, 956 F.2d 272, 1992 WL 42326, at *2 (7th Cir. Mar. 4, 1992) (holding district court had subject matter jurisdiction over federal criminal offense because 18 U.S.C. section 3231 provides that district courts shall have original jurisdiction exclusive of the States, and of all offenses against the United States); *United States v. Delgado-Garcia*, 374 F.3d 1337, 1341-42 (D.C. Cir. 2004) (holding same); *United States v. Gonzalez*, 311 F.3d 440, 442 (1st Cir. 2002) (finding subject matter jurisdiction existed where defendant was charged in district court under a federal criminal statute.)

As set forth by the Government in its memorandum in opposition, in summary, this Court, as a federal district court, has subject matter jurisdiction over this case charging Adams with an offense under 18 U.S.C. section 922(j), because Adams was charged with a crime against the United States which was alleged to have occurred within the United States (specifically, the Northern District of Indiana).[1]  Subject matter jurisdiction, or "territorial jurisdiction," is not lacking for crimes against the

---

[1]The criminal information in Cause Number 2:05-CR-194 alleges that the crime occurred in the Northern District of Indiana, and Adams made statements under oath during his change of plea which support this fact.

9

United States simply because the crime also occurred in the state of Indiana, because Indiana is part of the United States.

Remaining Claims of Venue, Personal Jurisdiction, Lack of a Preliminary Examination, and Ineffective Assistance of Counsel

Adams sets forth several other claims including improper venue, lack of personal jurisdiction, failure to have a preliminary examination, and ineffective assistance of counsel for failure to raise these arguments. Unlike subject matter jurisdiction, the issues of venue, personal jurisdiction, a preliminary examination[2], and ineffective assistance of counsel can be waived. *See, e.g., Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) (explaining that venue and personal jurisdiction, unlike subject matter jurisdiction, can be waived by a defendant); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (finding valid waiver of ineffective assistance of counsel claim). This Court agrees with the Government that Adams waived the right to raise these issues.

In his plea agreement, Adams expressly waived his right to appeal and his right:

> to contest my conviction and my sentence and any restitution orders imposed or the manner in which my

---

[2]Adams waived his right to a preliminary examination and an indictment on the criminal information filed in Cause Number 2:05-CR-194 before Magistrate Judge Rodovich on November 17, 2005.

> conviction or my sentence or the restitution orders imposed were determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Plea Agreement, ¶ 7(e).)  The Seventh Circuit has recognized the validity of such waivers, and will enforce the waiver unless there is a claim that the plea agreement/waiver was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver.  In *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit held that only two claims could be raised on a section 2255 motion by an individual who waived his right to appeal:  (1) the defendant received ineffective assistance of counsel in negotiating the waiver; or (2) that the waiver was not knowingly and voluntarily made.  *Jones* stated that courts should be:

> [m]indful of the limited reach of this holding, we reiterate that waivers are enforceable as a general rule' the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.

*Id.* at 1145.

In *Mason*, the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing.  211 F.3d

11

at 1069. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived:

> can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?

*Id.*

In this case, Adams does not allege that he did not understand his plea agreement or that his waiver was not knowingly or voluntarily made. Adams also does not allege that his counsel was ineffective regarding the negotiation of the waiver. The record indicates the opposite. Adams' plea agreement provided that "I believe and feel that I understand every accusation made against me in this case," that "I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me," and that "[m]y lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have." (Plea Agreement ¶¶ 2, 10, 3.) Adams made similar statements at his Rule 11 plea hearing, indicating he understood the charges against him and was satisfied with his counsel. This Court went through each and every provision of the plea agreement

12

and was satisfied that Adams understood the terms of the agreement and was making a voluntary and intelligent decision to plead guilty and waive any right to contest his sentence.

In sum, Adams has not alleged that he did not understand his plea agreement, or that he received ineffective assistance of counsel regarding the negotiation and his acceptance of the agreement. This Court is satisfied that Adams voluntarily, knowingly and intelligently waived his right to seek post-conviction relief. *See United States v. Davis*, 348 F. Supp. 2d 964, 966 (N.D. Ind. 2004) (finding a similar section 2255 waiver sufficient, and ruling that defendant knowingly and intelligently waived his right to file a section 2255 motion); *see also United States v. Mosley*, 35 F.3d 569, 1994 WL 503016, at *3 (7th Cir. Sept. 14, 1994) ("Self-serving statements offered after the plea hearing generally fall in the face of contradictory voluntary statements made by the defendant during a plea hearing – the latter are presumed true."). Adams waived the right to make his instant allegations regarding venue, personal jurisdiction, his alleged failure to have a preliminary examination, and ineffective assistance of counsel regarding these issues. *Mason*, 211 F.3d at 1069 (finding valid waivers of the right to mount collateral attacks, including ones based on ineffective assistance of counsel, explaining "we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255

13

survives only with respect to those discrete claims which relate directly to the negotiation of the waiver.").

Evidentiary Hearing

Adams requested a hearing to be held in this matter. An evidentiary hearing need not be held for every section 2255 motion. *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). "No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (citation omitted). Here, the Court has concluded that Adams' arguments are either waived or are unsuccessful. Because the Court finds that Adams has not raised a cognizable claim in his section 2255 petition, he is not entitled to a hearing.

CONCLUSION

For the reasons set forth above, the "Motion to Dismiss Case Due to Lack of Jurisdiction by District Court," filed by Petitioner, Jack Adams, on July 17, 2006, which this Court has construed as a motion pursuant to 28 U.S.C. section 2255, is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case with prejudice.

The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 08477-027), FCI-Greenville, P.O. Box 5000, Greenville, Illinois, 62246, or to such other more current address that may be on file for the Petitioner.

**DATED: March 12, 2007**                    **/s/ RUDY LOZANO, Judge**
                                             **United States District Court**